# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# ROCKFORD DIVISION

| | |
|---|---|
| DYLAN MITCHELL, DAYNA SCHULTZ, LARISSA WALSTON, MICHAEL RIGGS, and IVAN HOLLAND, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EUGENE G. DOHERTY, in his official capacity as the Chief Judge of the 17th Judicial Circuit Court; GARY CARUANA, in his official capacity as the Sheriff of Winnebago County; and WINNEBAGO COUNTY, <br><br> Defendants. | 20 CV 50285 <br><br><br> **Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Plaintiffs Dylan Mitchell, Dayna Schultz, Larissa Walston, Michael Riggs and Ivan Holland, individually and on behalf of all others similarly situated, complain against Defendants Chief Judge of the 17th Judicial Circuit Court Eugene Doherty, Winnebago County Sheriff Gary Caruana, and Winnebago County as follows:

### Nature of the Case

1. This is an action for money damages, declaratory relief and injunctive relief brought pursuant to 42 U.S.C. § 1983. Plaintiffs, individually and on behalf of the class they seek to represent, allege violations of their rights under the Fourth Amendment of the United States Constitution.

2. The 17th Judicial Circuit Court is responsible for conducting probable cause hearings for individuals arrested without a warrant and detained in anticipation of criminal court proceedings in Winnebago County. The 17th Judicial Circuit Court only conducts probable cause hearings for individuals arrested on felony charges on business days and does not make any arrangements for individuals arrested on weekends to be brought before a judge for a determination of probable cause to detain until the next regular business day.

3. Individuals who are arrested by any police department in Winnebago County and held in custody in anticipation of criminal court proceedings are typically imprisoned in the Winnebago County Jail, located at 650 W. State Street, Rockford, Illinois (hereinafter "the Jail"). The Jail routinely holds individuals in custody over weekends and court holidays without a judicial determination of probable cause.

4. The policies of the 17th Judicial Circuit Court and the Jail routinely result in detainees' being imprisoned for more than 48 hours without any judicial determination of probable cause in direct contravention of the Supreme Court's mandate in *County of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991).

5. At the time of the filing of this Complaint, named Plaintiffs Dylan Mitchell, Dayna Schultz, Larissa Walston, and Ivan Holland remain detained in the Winnebago County Jail more than 48 hours after their arrests without any judicial determination of probable cause.

6. As set forth in more detail below, there are two parties responsible for the unlawful detentions of the Plaintiffs.

    (a) Defendant Eugene Doherty is the Chief Judge of the 17th Judicial Circuit Court. He has final responsibility for setting court schedules for all courts within the 17 Judicial Circuit, including the time and frequency of probable cause and bond hearings; and

    (b) Defendant Gary Caruana is the Winnebago County Sheriff. As the Sheriff of Winnebago County, Caruna is the top official in charge of administration and management of all operations of the Jail and has final authority to set policies regarding custody of pre-trial detainees at the Jail.

## Jurisdiction and Venue

7. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

9. Plaintiff Dylan Mitchell is a 26-year-old resident of Rockford, Illinois.

10. Plaintiff Dayna Schultz is a 23-year-old resident of Rockford, Illinois.

11. Plaintiff Larissa Walston is a 23-year-old resident of Loves Park, Illinois.

12. Plaintiff Michael Riggs is a 20-year-old resident of South Beloit, Illinois.

13. Plaintiff Ivan Holland is a 25-year-old resident of Rockford, Illinois.

14. Defendant Eugene Doherty is the Chief Judge of the 17th Judicial Circuit Court, which covers Winnebago County. Plaintiffs sue Chief Judge Doherty in his official capacity. Pursuant to Article VI, §7(c) of the Illinois Constitution, Chief Judge Doherty has general administrative authority over the operations of the 17th

3

Judicial Circuit Court. His constitutional authority includes the obligation to "provide for ... appropriate times and places of holding court." *Id*. As the Chief Judge, Doherty has final authority to set court schedules for the 17th Judicial Circuit Court, including the dates, times and schedules for holding probable cause hearings.

15. Defendant Gary Caruana is the Winnebago County Sheriff. Plaintiffs sue Caruana in his official capacity. Pursuant to 55 ILCS 5/3-6017, Caruana has responsibility for the "custody and care" of the Winnebago County Jail. Caruana is the highest decision-maker with authority over the Jail, and he determines the policies of the Jail with respect to detainees' custody and confinement.

16. Plaintiffs join Winnebago County, Illinois, pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003). The operations of the Jail and the 17th Judicial Circuit Court are ultimately the financial responsibility of Winnebago County.

17. Count I is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant Chief Judge Doherty has acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole on Count I of this Complaint. The named Plaintiffs seek to represent a class of similarly situated detainees who are currently (or will be in the future) detained at the Jail on a weekend and/or court holiday pending a judicial determination of probable cause in

4

the 17th Judicial Circuit Court. Plaintiffs seek injunctive and declaratory relief against Defendant Chief Judge Doherty on behalf of the class.

18. In Count II the named Plaintiffs seek compensatory damages against Defendant Sheriff Gary Caruana.

## Factual Allegations: Dylan Mitchell

19. On Friday, July 31, 2020, Plaintiff Dylan Mitchell attended a demonstration organized by the May 30th Alliance in Rockford, Illinois. The May 30th Alliance advocates on behalf of victims of police misconduct by the Rockford Police Department. Demonstrators were demanding that charges against Black Lives Matter demonstrators arrested after the police murder of George Floyd be dropped.

20. At approximately 7:20 p.m., Rockford police arrested Plaintiff Mitchell. The arresting officers did not have a warrant calling for her arrest.

21. Plaintiff Mitchell was transported to the Winnebago County Jail.

22. At the time of this filing, Plaintiff Mitchell remains in custody. Mitchell has been detained at the Jail in excess of 48 hours without any judicial determination of whether there is probable cause to detain.

23. The 17th Judicial Circuit Court did not hold probable cause hearings for individuals charged with felonies on Saturday, August 1, 2020, or Sunday, August 2, 2020.

24. Plaintiff Mitchell's first opportunity to appear before a judge will be 1:30 p.m. on Monday, August 3, 2020—approximately 66 hours after her arrest.

25. As a direct and proximate result of the acts of the Defendants described above, Plaintiff Mitchell suffered and continues to suffer damages including loss of physical liberty, physical pain and suffering, and emotional distress.

### Factual Allegations: Dayna Schultz

26. On Friday, July 31, 2020, Plaintiff Dayna Schultz attended a Black Lives Matter demonstration organized by the May 30th Alliance in Rockford, Illinois.

27. At approximately 6:50 p.m., Rockford police arrested Plaintiff Schultz. The arresting officers did not have a warrant calling for her arrest.

28. Plaintiff Schultz was transported to the Winnebago County Jail.

29. At the time of this filing, Plaintiff Schultz remains in custody. Schultz has been detained at the Jail in excess of 48 hours without any judicial determination of whether there is probable cause to detain.

30. The 17th Judicial Circuit Court did not hold probable cause hearings for individuals charged with felonies on Saturday, August 1, 2020 or Sunday, August 2, 2020.

31. Plaintiff Schultz's first opportunity to appear before a judge will be 1:30 p.m. on Monday, August 3, 2020—approximately 66 hours after her arrest.

32. As a direct and proximate result of the acts of the Defendants described above, Plaintiff Schultz suffered and continues to suffer damages including loss of physical liberty, physical pain and suffering, and emotional distress.

### Factual Allegations: Larissa Walston

33. On Friday, July 31, 2020, Plaintiff Larissa Walston attended a Black Lives Matter demonstration organized by the May 30th Alliance in Rockford, Illinois.

34. At approximately 7:10 p.m., Rockford police arrested Plaintiff Walston. The arresting officers did not have a warrant calling for her arrest.

35. Plaintiff Walston was transported to the Winnebago County Jail.

36. At the time of this filing, Plaintiff Walston remains in custody. Walston has been detained at the Jail in excess of 48 hours without any judicial determination of whether there is probable cause to detain.

37. The 17th Judicial Circuit Court did not hold probable cause hearings for individuals charged with felonies on Saturday, August 1, 2020 or Sunday, August 2, 2020.

38. Plaintiff Walston's first opportunity to appear before a judge will be 1:30 p.m. on Monday, August 3, 2020—approximately 66 hours after her arrest.

39. As a direct and proximate result of the acts of the Defendants described above, Plaintiff Walston suffered and continues to suffer damages including loss of physical liberty, physical pain and suffering, and emotional distress.

### Factual Allegations: Michael Riggs

40. On Saturday, August 1, 2020, Plaintiff Michael Riggs attended a demonstration in Rockford, Illinois. Demonstrators were calling to defund the police and protesting against police brutality.

7

41. At approximately 1:00 p.m., Rockford police arrested Plaintiff Riggs. The arresting officers did not have a warrant calling for his arrest.

42. Plaintiff Riggs was transported to the Winnebago County Jail.

43. At the time of this filing, Plaintiff Riggs remains in custody.

44. The 17th Judicial Circuit Court did not hold probable cause hearings for individuals charged with felonies on Saturday, August 1, 2020 or Sunday, August 2, 2020.

45. Plaintiff Riggs' first opportunity to appear before a judge will be 1:30 p.m. on Monday, August 3, 2020—more than 48 hours after his arrest.

46. As a direct and proximate result of the acts of the Defendants described above, Plaintiff Riggs suffered and continues to suffer damages including loss of physical liberty, physical pain and suffering, and emotional distress.

## Factual Allegations: Ivan Holland

47. On Friday, July 31, 2020, at approximately 6:20 p.m. Rockford police arrested Plaintiff Ivan Holland. The arresting officers did not have a warrant calling for his arrest.

48. Plaintiff Holland was transported to the Winnebago County Jail.

49. At the time of this filing, Plaintiff Holland remains in custody. Holland has been detained at the Jail in excess of 48 hours without any judicial determination of whether there is probable cause to detain.

50. The 17th Judicial Circuit Court did not hold probable cause hearings for individuals charged with felonies on Saturday, August 1, 2020 or Sunday, August 2, 2020.

51. Plaintiff Holland's first opportunity to appear before a judge will be 1:30 p.m. on Monday, August 3, 2020—approximately 67 hours after his arrest.

52. As a direct and proximate result of the acts of the Defendants described above, Plaintiff Holland suffered and continues to suffer damages including loss of physical liberty, physical pain and suffering, and emotional distress.

### Defendant Sheriff Caruana's Liability to the Named Plaintiffs

53. It is well established that individuals arrested without a warrant are entitled to a judicial determination of probable cause within 48 hours.

54. It is the common, widespread and well-settled practice that arrestees transferred from police custody to the Jail on weekends or holidays are detained in excess of 48 hours without a judicial determination of probable cause. This practice is so widespread and well settled that it constitutes a custom or usage with the force of law even though it has not been reduced to a written policy.

55. At all times relevant to the detention of the named Plaintiffs, Defendant Sheriff Caruana knew that the 17th Judicial Circuit Court did not hold probable cause hearings on Saturdays, Sundays or court holidays. Defendant Sheriff Caruana likewise knew that arrestees detained at the Jail on weekends and holidays, including the Plaintiffs, were being held in excess of 48 hours without a judicial determination of probable cause.

56. Although he knew or should have known that doing so would lead to violations of detainees' Fourth Amendment rights, Sheriff Caruana nonetheless approved of and authorized the detention of arrestees at the Jail on weekends and holidays.

57. By approving, condoning and/or turning a blind eye to the widespread violation of detainees' Fourth Amendment rights, Defendant Sheriff Caruana acted and continues to act with deliberate indifference to the rights of Plaintiffs and all others detained at the Jail on weekends and holidays.

58. Defendant Sheriff Caruana's policy and practice described above was the moving cause behind the unlawful detentions of Plaintiffs.

### Defendant Chief Judge Doherty's Liability to the Named Plaintiffs and the Members of the Class they Seek to Represent

59. It is the common, widespread and well-settled practice in the 17th Judicial Circuit Court that probable cause hearings are only conducted on business days. This practice is so widespread and well settled that it constitutes a custom or usage with the force of law even though it has not been reduced to a written policy.

60. Defendant Chief Judge Doherty knows or should know that pursuant to this practice, individuals arrested on weekends or court holidays are routinely detained in the Jail for more than 48 hours without receiving a judicial determination of probable cause in violation of their Fourth Amendment rights.

61. Defendant Chief Judge Doherty acted and continues to act with deliberate indifference to the rights of Plaintiffs and all others arrested for felonies in Winnebago County on weekends or court holidays by failing to implement a court

10

schedule that ensures that individuals arrested on weekends or court holidays receive a probable cause hearing within 48 hours.

62. The policy and practice described above was the moving cause behind the violations of the Fourth Amendment rights of the named Plaintiffs and current and future class members.

## Class Allegations

63. Pursuant to Fed. R. Civ. P. 23(b)(2), the named Plaintiffs seek certification of Count I of this complaint as a class action. The named Plaintiffs seek to represent a class consisting of:

> All individuals arrested without a warrant on felony charges in Winnebago County who are currently detained or in the future will be detained at the Winnebago County Jail on a weekend or court holiday in excess of 48 hours pending a judicial hearing to determine probable cause to detain.

64. The Plaintiff Class seeks a declaration that Defendant Chief Judge Doherty's policy and practice of failing to provide probable cause hearings on weekends or court holidays is unconstitutional because it results in routine violations of class members' Fourth Amendment right to a prompt judicial determination of probable cause.

65. The Plaintiff Class also seeks an injunction ordering Defendant Chief Judge Doherty to change the current policy and practice and to implement a schedule for probable cause hearings in the 17th Judicial Circuit Court that ensures individuals arrested on weekends or holidays receive a prompt probable cause hearing.

11

66. The proposed class is numerous. According to arrest and detention data made available by the Rockford Police Department and the Winnebago County Jail, of the 29 individuals arrested by Rockford Police on Friday, July 31, 2020, and prior to 1:30 p.m. on Saturday, August 1, 2020, 15 remain imprisoned in the Winnebago County Jail at this time without having been brought before a judge for a determination of probable cause to detain. There are individuals arrested in other municipalities in Winnebago County who are in the same position. The same situation occurs every single weekend. The class easily comprises hundreds of individuals.

67. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is also constantly changing. Any individual arrested in Winnebago County may be placed in the Jail pending a judicial determination of probable cause. Accordingly, the membership of the class changes on a weekly basis as individuals are arrested, detained, and released from custody.

68. There are questions of law and fact common to all class members, including but not limited to:

- What is the current schedule in the 17th Judicial Circuit Court for probable cause hearings;

- Whether the schedule leads to violations of detainees' Fourth Amendment right to a prompt judicial determination of probable cause consistent with the Supreme Court's mandate in *County of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991) that the Fourth Amendment requires a judicial determination of probable cause to detain within 48 hours of arrest.

69. All individuals falling within the class definition have been subject to the same policy and practice. Given the commonality of the questions pertinent to all class members, a single injunction or declaratory judgment would provide relief to each member of the class.

70. Defendant Chief Judge Doherty has acted and continues to act in a manner adverse to the rights of the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

71. Plaintiffs and the class they seek to represent have been directly injured by Defendant Chief Judge Doherty's policies and practices and members of the class are currently at risk of future harm from the continuation of these policies and practices.

72. Plaintiffs will fairly and adequately represent the interests of the class and the Plaintiffs' claims are typical of the claims of all members of the proposed class.

73. Plaintiffs' counsel are experienced in civil rights litigation, including *Monell* claims, civil rights class actions, and Fourth Amendment cases alleging excessive detentions. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

**COUNT I**
**42 U.S.C. §1983: FOURTH AMENDMENT**
**(Claim for Injunctive and Declaratory Relief Against Defendant Chief Judge Doherty on behalf of the named Plaintiffs and all others similarly situated)**

74. Plaintiffs and the members of the proposed class reallege and incorporate as if fully set forth herein all of the allegations above.

13

75. As a direct and proximate result of Defendant Doherty's failure to schedule probable cause hearings for individuals arrested and detained on weekends and court holidays, Plaintiffs and the members of the proposed class have suffered a loss of their Fourth Amendment right to a prompt judicial determination of probable cause to detain after their arrests.

76. In the absence of injunctive and declaratory relief, the members of the class will continue to suffer unreasonable deprivations of their liberty. The members of the class have no adequate or complete remedy at law to address the wrongs described herein. The injunctive and declaratory relief sought by the class is necessary to prevent continued and future injury.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that Defendant Chief Judge Doherty's policies and practices described herein as applied to the class violate the Fourth Amendment of the U.S. Constitution;

d) Enter a preliminary and then permanent injunction prohibiting Defendant Chief Judge Doherty from continuing the unconstitutional policies and practices identified herein;

e) Award Plaintiffs their reasonable attorneys' fees and cost pursuant to 42 U.S.C. § 1988, and other applicable law; and

f) Grant such other relief as this Court deems just and proper.

## COUNT II
## 42 U.S.C. §1983: FOURTH AMENDMENT
## (*Monell* Official Capacity Claim Against Defendant
## Sheriff Caruana on behalf of the Named Plaintiffs Only)

77. Plaintiffs reallege and incorporate as if fully set forth herein all of the allegations above.

78. As a direct and proximate result of Defendant Sheriff Caruana's deliberate indifference, Plaintiffs have suffered a loss of their Fourth Amendment rights.

79. As a direct and proximate result of Defendant Sheriff Caruana's policies, the Plaintiffs have suffered damages including loss of physical liberty, physical pain and suffering, and emotional distress.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a) Enter judgment declaring that Defendant Sheriff Caruana's policies and practices described herein violate the Fourth Amendment of the U.S. Constitution;

b) Award Plaintiffs compensatory damages in an amount to be fixed by a jury at trial;

c) Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law; and

d) Grant such other relief as this Court deems just and proper.

**Plaintiffs demand trial by jury.**

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Brad J. Thomson
*Counsel for Plaintiffs*

15

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
847-361-3869

Brad J. Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070